**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 2:20-121-12 |
| | ) | Judge Stephanie L. Haines |
| GILES DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is an "emergency motion to reconsider detention" pursuant to 18 U.S.C. § 3142(i)  [Doc. 193] filed by Giles Davis ("Defendant").  Defendant seeks temporary release from detention in light of the reemergence of COVID-19 in the Allegheny County Jail ("ACJ").  The government has filed a response in opposition to Defendant's motion [Doc. 199], asserting that Defendant has failed to state a compelling reason for his temporary release.  Upon due consideration of Defendant's motion and the government's response,[1] for the following reasons, the motion will be denied.

### I.    Background

Defendant has been charged in Count Two of a two-count, multi-defendant indictment with conspiracy to possess with intent to distribute and to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846; 841(a)(1), 841(b)(1)(B)(iii) [Doc. 14].  The government requested

---

[1] Defendant did not request a hearing, and the Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i). As such, the Court renders its decision based on the parties' submissions and the record in this case.

detention pending trial [Doc. 144] and a detention hearing was held before Magistrate Judge Patricia L. Dodge on June 25, 2020 [Doc. 150].

Following the detention hearing Magistrate Judge Dodge entered a written order of detention pending trial [Doc. 151], finding that Defendant had not introduced sufficient evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of defendant and the safety of the community. Rather, upon consideration of the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, Judge Dodge found by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person or of the community if Defendant is released, and further found by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance [*Id*.].   Judge Dodge specified in the order the following reasons for detention: the weight of the evidence against Defendant is strong; he is subject to a lengthy period of incarceration if convicted; his prior criminal history; his participation in criminal activity while on probation, parole or supervision; his history of violence or use of weapons; his history of alcohol or substance abuse; his lack of stable employment; and his prior violations of probation, parole or supervised release [*Id*. at 2-3].

On July 15, 2020, Defendant filed the pending motion to reconsider the detention order under § 3142(i) in light of the reemergence of COVID-19 in the ACJ [Doc. 193].  Plaintiff alleges that as a 61-year old with chronic obstructive pulmonary disease ("COPD") and hypertension, he is extremely vulnerable to COVID-19.  He also contends that he is not receiving his prescribed medications.  Moreover, while there were no active cases of COVID-19 in the ACJ at the time  of his detention hearing, by the end of the week on July 10, 2020, there were four confirmed positive

inmates in the facility.[2]  Defendant contends that the reemergence of COVID-19 at the facility is a change in circumstance that constitutes a compelling reason for temporary release under § 3142(i), and requests that he be released until "the end of the COVID-19 pandemic" on whatever conditions deemed appropriate so that he can "live safely with his stepmother."

The government opposes the motion, arguing that Defendant has failed to present a compelling reason for temporary release under § 3142(i) [Doc. 199].  The government asserts that there is no reason to believe that Defendant faces a greater risk of COVID-19 in the ACJ than he would in the community at large and, moreover, that he has failed to overcome Judge Dodge's findings that he is a danger to the community and a flight risk.

## II.     Standard

Defendant seeks immediate temporary release from detention pursuant to § 3142(i) of the Bail Reform Act, which provides in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another *compelling reason.*"  18 U.S.C. § 3142(i) (emphasis added).

The burden rests with Defendant to show that § 3142(i) permits his temporary release.  *See United States v. Wilburn*, No. 2:18-CR-115, 2020 WL 1899146, at *2 (W.D. Pa. Apr. 17, 2020) (citations omitted).  To meet this burden, the defendant should present an individualized argument why temporary release is appropriate; generalized or speculative arguments are insufficient.  *Id.*

---

[2] As of August 1, 2020, the Allegheny County jail webpage lists only one COVID-19 positive inmate in the facility.  www.alleghenycounty.us/jail/index.aspx.

Defendant must demonstrate: (1) that his temporary release is necessary for the preparation of his defense or another compelling reason; and, (2) that he could be released to the custody of the United States marshal or another appropriate person. *Id*.; 18 U.S.C. § 3142(i).

### III.    Analysis

As an initial matter, in a related context, the Third Circuit has indicated that the existence of the COVID-19 pandemic alone is insufficient to warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ('the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread').   Moreover, while courts have recognized that a defendant's medical condition is a factor to be considered in the "compelling reason" analysis under § 3142(i), the defendant's danger to the community and risk of flight also play a meaningful role in determining whether temporary release is warranted. *Wilburn*, 2020 WL 1899146, at *4.

Here, Defendant advances his age and medical conditions of COPD and hypertension as compelling reasons for his release in light of the reemergence of COVID-19 at the ACJ.  The Court acknowledges that the CDC lists COPD as a medical condition with "the strongest and most consistent" evidence indicating an increased risk for severe illness from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.[3]    The Court further recognizes the potential for Defendant's exposure to the COVID-19 virus at the ACJ. Unfortunately, however, that potential exists anywhere in the community. As explained in detail

---

[3]  The CDC further indicates there is "mixed evidence" as to whether hypertension leads to an increased risk of severe illness from COVID-19.  *Id.*

by the government in its response, the ACJ, along with this Court and other local authorities, have taken necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ [Doc. 199 pp. 3-4].  As of the date of this opinion and order, the ACJ reports only 1 COVID-19 positive inmate at the ACJ, a decrease of 3 since Defendant filed his motion, while Allegheny County at large reported 132 new cases of coronavirus infections just on August 3, 2020, alone.  *See* https://www.post-gazette.com/news/health/2020/08/04/Allegheny-County-COVID-19-data-new-cases-deaths-pennsylvania-pittsburgh/stories/202008040083.

Thus, while the Court certainly is sympathetic to Defendant's medical concerns and potential increased risk of possible complications caused by the COVID-19 virus for someone of his age with his medical conditions, speculation concerning any possible future exposure and complications does not constitute a "compelling reason" for temporary release, particularly where the risk of exposure exists whether he is detained or released.  *See, e.g., United States v. Owens*, No. CR 19-81, 2020 WL 1891829, at *2 (W.D. Pa. Apr. 16, 2020) (temporary release from ACJ denied); *United States v. Lovings*, No. CR 20-51, 2020 WL 1501859, at *3 (W.D. Pa. Mar. 30, 2020) (same); *United States v. Bastianelli*, No. CR 17-305, 2020 WL 1493559 (W.D. Pa. Mar. 27, 2020) (same).

Moreover, Defendant's current arguments for release are insufficient to outweigh the factors considered by the Magistrate Judge in ordering his detention in the first instance.   As already discussed, when the Court interprets "compelling reason", it should do so against the backdrop of the Bail Reform Act as a whole.  *Wilburn*, 2020 WL 1899146, at * 4 ("And if there is anything that permeates the Bail Reform Act, it is Congress' intent that courts consider the defendant's dangerousness and risk of flight when making detention determination . . . [i]t would

strike the Court as odd, then, that § 3142(i)'s 'compelling reason' prong would ignore a defendant's danger or flight risk.")

Here, Magistrate Judge Dodge found by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person or of the community if Defendant is released, and further found by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance [Doc. 15].   Nothing set forth in Defendant's motion alters these findings.   Instead, Defendant merely asserts that the reemergence of COVID-19 in the ACJ, along with the allegation that he is not being provided with his medications,[4] constitutes a changed circumstance warranting temporary release.   These allegations simply do nothing to suggest that Defendant is no longer a danger to the community or a flight risk as determined by Judge Dodge, and the Court is unable to identify a basis to conclude that there are now conditions, or a combination of such, that would protect others and the community from the risk of serious harm were the Defendant to be released, even giving added weight and significance to the COVID-19-related concerns asserted by Defendant in his motion.   Thus, considering Defendant's request for temporary release in the context of the Bail Reform Act as a whole, the Court finds no compelling reason warranting such release under § 3142(i).[5]

---

[4]   Although the government asserts in its response that Defendant's allegations that he is not receiving his medications are "exaggerated," [Doc. 199 p. 6], the Court is somewhat troubled by those allegations.   The ACJ hereby is directed to comply with the orders of the prescribing medical professionals in order to adequately care for Defendant's health while he is detained.

[5]   Because Defendant has failed to advance a compelling reason for temporary release, the Court need not address whether Defendant's stepmother would be an appropriate person for temporary custody of him. *See Wilburn*, 2020 WL 1899146, at *2.

D.    **Conclusion**

Defendant has failed to advance a compelling reason sufficient to warrant his temporary release from detention under § 3142(i).   While Defendant's age and medical conditions may increase his risk of serious illness should he be exposed to the COVID-19 virus, his risk of exposure exists both in the ACJ and the community at large.  Moreover, Defendant has advanced nothing new to overcome Judge Dodge's findings that his detention is necessary to assure  his appearance and the safety of the community.   Accordingly, Defendant's motion to reconsider detention under § 3142(i) in light of COVID-19 at the ACJ will be denied.

An appropriate order follows.

## **ORDER OF COURT**

AND NOW, this 4th day of August, 2020, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant's emergency motion to reconsider detention in light of the reemergence of COVID-19 in the Allegheny County Jail [Doc. 193] hereby is **denied**.

 s/Stephanie L. Haines
Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record

7